Hearing Date: January 27, 2011
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom: 4
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | §      Chapter 7 | |
| | § | |
| NESS III, WILLIAM G. | §     Case No. 09-33533 | |
| | § | |
| Debtor | §     Hon. Jack B. Schmetterer | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter ___ of the United States Bankruptcy Code on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of     $

       Funds were disbursed in the following amounts:

       Administrative expenses
       Payments to creditors
       Non-estate funds paid to 3rd Parties
       Payments to the debtor

       Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) (Page: 1)

      6.  The deadline for filing claims in this case was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____   By:/s/Joseph A. Baldi, Trustee_____
                                                    Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

| | |
|---|---|
| Case No: 09-33533 JBS Judge: Jack B. Schmetterer | Trustee Name: Joseph A. Baldi, Trustee |
| Case Name: NESS III, WILLIAM G. | Date Filed (f) or Converted (c): 09/10/09 (f) |
| | 341(a) Meeting Date: 10/21/09 |
| For Period Ending: 10/21/10 | Claims Bar Date: 02/17/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 1/2 interest in residence (10330 S. Oakley, Chgo) | 300,000.00 | 0.00 | | 17,000.00 | FA |
| Trustee reached agreement to sell debtor's interest in marital residence; to estranged wife co-owner, subject to lien. Also settled exemtion claim for $2,500. | | | | | |
| 2. CASH | 20.00 | 0.00 | | 0.00 | FA |
| 3. Checking, Savings Accounts | 65.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods and Furnishings | 1,200.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 250.00 | 0.00 | | 0.00 | FA |
| 6. Whole life insurance policy with Trustmark | 2,900.00 | 0.00 | | 0.00 | FA |
| 7. PENSION / PROFIT SHARING | 74,000.00 | 0.00 | | 0.00 | FA |
| 8. 1993 Grand Cherokee | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. 1/2 interest in VW Passat | 2,250.00 | 0.00 | | 0.00 | FA |
| property subject to non-debtor interest, remaining auto exemption, no realizable value for estate | | | | | |
| 10. Computer | 100.00 | 0.00 | | 0.00 | FA |
| 11. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.60 | Unknown |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $381,785.00 | $0.00 | | $17,000.60 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee negotiated with Debtor's former spouse for a purchase of the Debtor's 50% interest in the former marital residence; Trustee's Motion to Sell the Property was granted.; Trustee negotiated with the Debtor and resolved the objection to the Debtor's claimed homestead exemption such that Debtor was paid $2,500 from the proceeds of the sale.

LFORM1
**UST Form 101-7-TFR (9/1/2009)** *(Page: 3)*

Ver: 15.20

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 09-33533   JBS   Judge: Jack B. Schmetterer | Trustee Name:   Joseph A. Baldi, Trustee |
| Case Name: | NESS III, WILLIAM G. | Date Filed (f) or Converted (c):   09/10/09 (f) |
| | | 341(a) Meeting Date:   10/21/09 |
| | | Claims Bar Date:   02/17/10 |

Estate tax returns prepared and filed.

Initial Projected Date of Final Report (TFR): 03/15/11     Current Projected Date of Final Report (TFR): 03/15/11

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 09-33533 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | NESS III, WILLIAM G. | Bank Name: | Bank of America, N.A. |
| | | Account Number / CD #: | *******6435  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******2141 | | |
| For Period Ending: | 10/21/10 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  08/09/10 | | KELLY A. NESS | Sale of RE to Debtor's Wife | | 14,500.00 | | 14,500.00 |
| | | %O'Connor Title Guaranty, Inc. | | | | | |
| | | Escrow Account | | | | | |
| | | 162 Hubbard | | | | | |
| | | Chicago, Il 60654 | | | | | |
| | 1 | KELLY A. NESS | Memo Amount:    17,000.00 | 1110-000 | | | |
| | | | Sale of RE to Kelly Ness | | | | |
| | | WILLIAM G. NESS, III | Memo Amount:  (   2,500.00 ) | 8100-002 | | | |
| | | | Debtor's Exemption | | | | |
| C  08/31/10 | 11 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.24 | | 14,500.24 |
| C  09/30/10 | 11 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.36 | | 14,500.60 |

\* Reversed
t  Funds Transfer
C  Bank Cleared

Memo Allocation Receipts:        17,000.00
Memo Allocation Disbursements:    2,500.00

Memo Allocation Net:             14,500.00

| Account *******6435 | Balance Forward | 0.00 | 0 Checks | 0.00 |
|---|---|---|---|---|
| 1  Deposits | | 14,500.00 | 0 Adjustments Out | 0.00 |
| 2  Interest Postings | | 0.60 | 0 Transfers Out | 0.00 |
| Subtotal | $ | 14,500.60 | | |
| | | | Total | $   0.00 |
| 0  Adjustments In | | 0.00 | | |
| 0  Transfers In | | 0.00 | | |
| Total | $ | 14,500.60 | | |

LFORM2T4  UST Form 101-7-TFR (9/1/2009)  *(Page: 5)*

Ver: 15.20

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2
Exhibit B

| | |
|---|---|
| Case No: | 09-33533 -JBS |
| Case Name: | NESS III, WILLIAM G. |
| Taxpayer ID No: | *******2141 |
| For Period Ending: | 10/21/10 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Bank Name: | Bank of America, N.A. |
| Account Number / CD #: | *******6435 Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-33533
Case Name: NESS III, WILLIAM G.
Trustee Name: Joseph A. Baldi, Trustee

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: Joseph A. Baldi, Trustee | $_____ | $_____ |
| Attorney for trustee: Baldi Berg & Wallace, Ltd. | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: Popowcer Katten, Ltd | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *DISCOVER BANK* | $ | $ |
| *000002* | *Chase Bank USA, N.A.* | $ | $ |
| *000003* | *Chase Bank USA,N.A* | $ | $ |

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000004* | *US Bank N.A.* | $ | $ |
| *000005* | *US Bank N.A.* | $ | $ |
| *000006* | *US Bank N.A.* | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
|  |  | $ | $ |
|  |  | $ | $ |
|  |  | $ | $ |

The amount of surplus returned to the debtor after payment of all claims and interest is $    .